**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| **TAREK AL-BIREKDAR,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. 4:06CV1726-DJS |
| ) | |
| **DAIMLERCHRYSLER CORPORATION,** ) | |
| ) | |
| Defendant. ) | |

## ORDER

The underlying action was initially filed in the Circuit Court of St. Louis County, Missouri, on May 22, 2006. Plaintiff's petition asserts that the amount in controversy is over $25,000.00 and seeks plaintiff's lost wages, among other damages, on claims of retaliatory and discriminatory discharge in violation of the Missouri Human Rights Act, Mo. Rev. Stat. §§ 213.010, et seq. On November 17, 2006, plaintiff served his interrogatory answers asserting damages in excess of $250,000.00. On December 4, 2006, defendant filed its notice of removal. Now before the Court is plaintiff's motion to remand.

By statute there are two 30-day windows in which a case may be removed within one year after commencement of the action, namely: (1) during the first 30 days after defendant receives the initial pleading; or (2) "[i]f the case stated by the initial pleading is not removable," then during the first 30 days after defendant receives "an amended pleading, motion, order or other

paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b). As plaintiff's petition does not indicate that the amount in controversy exceeds $75,000.00, the case was not removable until defendant first received written notice that the amount in controversy exceeded the statutory minimum--November 17, 2006. Defendant then filed its notice of removal within 30 days.

Plaintiff's claim for almost an entire year of lost wages on a salary exceeding $100,000.00 did not provide notice that he sought over $75,000.00 as his petition does not discuss his salary. The petition must "*explicitly disclose*[] [that] plaintiff is seeking damages in excess of the federal jurisdictional amount." In re Willis, 228 F.3d 896, 897 (8th Cir. 2000) (emphasis added). Furthermore, plaintiff's argument that settlement negotiations prior to November 17, 2006, discussed amounts in controversy over $75,000.00 is equally unpersuasive as notice that the case is removable must be in writing. See 28 U.S.C. § 1446(b); LaPree v. Prudential Fin., 385 F. Supp. 2d 839, 849 (S.D. Iowa 2005) ("The purpose of § 1446(b) is to commence the running of the thirty-day removal period as soon as the defendant has received requisite written notice that the case is removable."); Petersen v. Cates Sheet Indus., Inc., No. 95-6216-CV-SJ-6, 1996 WL 40999, at *5 (W.D. Mo. Jan. 30, 1996) (discussing how the canons of construction of *ejusdem generis* and *noscitur a sociis* imply that § 1446(b) requires

written notice that the action is removable).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to remand [Doc. #5] is denied.

**IT IS FURTHER ORDERED** that,

1. **Scheduling Conference:** Upon review of the joint proposed scheduling plan required below, the Court will consider whether a Scheduling Conference is necessary or advisable prior to the Court's issuance of a Case Management Order.

2. **Meeting of Counsel:** Prior to the date for submission of the joint proposed scheduling plan set forth in paragraph 3 below, counsel for the parties shall meet to discuss the following: the nature and basis of the parties' claims and defenses, the possibilities for a prompt settlement or resolution of the case, the formulation of a discovery plan, and other topics listed below or in Fed.R.Civ.P. 16 and 26(f). This meeting is expected to result in the parties reaching agreement on the form and content of a joint proposed scheduling plan as described in paragraph 3 below.

Only <u>one</u> proposed scheduling plan may be submitted, and it must be signed by counsel for <u>all</u> parties. It will be the responsibility of counsel for the plaintiff to actually submit the joint proposed scheduling plan to the Court. If the parties cannot agree as to any matter required to be contained in the joint plan,

the disagreement must be set out clearly in the joint proposal, and the Court will resolve the dispute.

3. **Joint Proposed Scheduling Plan:** No later than **February 28, 2007**, counsel shall file with the Clerk of the Court a joint proposed scheduling plan. **All dates required to be set forth in the plan shall be within the ranges set forth below for the applicable track:**

| Track 1: Expedited | Track 2: Standard | Track 3: Complex |
|---|---|---|
| *Disposition w/i 12 mos of filing | *Disposition w/i 18 mos of filing | *Disposition w/i 24 mos of filing |
| *120 days for discovery | *180-240 days from R16 Conf. for discovery/dispositive motions | *240-360 days from R16 Conf for discovery/dispositive motions |

**The parties' joint proposed scheduling plan shall include:**

(a) whether the Track Assignment is appropriate (**NOTE: This case has been assigned to Track  2:   Standard );**

(b) dates for joinder of additional parties or amendment of pleadings;

(c) a discovery plan including:

(i) a date or dates by which the parties will disclose information and exchange documents pursuant to Rule 26(a)(1), Fed.R.Civ.P.,

(ii) whether discovery should be conducted in phases or limited to certain issues,

(iii) how disclosure or discovery of electronically stored information, if any, should be handled,

4

(iv) dates by which each party shall disclose its expert witnesses' identities and reports, and dates by which each party shall make its expert witnesses available for deposition, giving consideration to whether serial or simultaneous disclosure is appropriate in the case,

(v) whether the presumptive limits of ten (10) depositions per side as set forth in Rule 30(a)(2)(A), Fed.R.Civ.P., and twenty-five (25) interrogatories per party as set forth in Rule 33(a), Fed.R.Civ.P. should apply in this case, and if not, the reasons for the variance from the rules,

(vi) whether any physical or mental examinations of parties will be requested pursuant to Rule 35, Fed.R.Civ.P., and if so, by what date that request will be made and the date the examination will be completed,

(vii) a date by which all discovery will be completed **(see applicable track range, Section 3. above)**;

(viii) any other matters pertinent to the completion of discovery in this case,

(d) the parties' positions concerning the referral of the action to mediation or early neutral evaluation, and when such a referral would be most productive;

(e) dates for filing any motions to dismiss or motions for summary judgment **(see applicable track range, Section 3. above)**;

(f) the earliest date by which this case should reasonably be expected to be ready for trial **(see applicable track range, Section 3. above)**;

(g) an estimate of the length of time expected to try the case to verdict; and

(h) any other matters counsel deem appropriate for inclusion in the Joint Scheduling Plan.

Dated this  6th   day of February, 2007.

                                          /s/Donald J. Stohr
                                          UNITED STATES DISTRICT JUDGE